IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORIN JAMES AIWOHI JR. | CIVIL NO. 20-00488 JAO-RT |
| Plaintiff, | ORDER REMANDING CASE |
| vs. | |
| STATE OF HAWAII, | |
| Defendant. | |

**ORDER REMANDING CASE**

Lorin James Aiwohi Jr. ("Aiwohi"),[1] proceeding pro se, removed a Hawaiʻi state court criminal prosecution from the District Court of the Fifth Circuit, State of Hawaiʻi, to the U.S. District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1331 and 1455.  Because it clearly appears that removal should not be permitted, *see* 28 U.S.C. § 1455(b)(4),[2] the Court summarily REMANDS this case to state court.

---

[1]  Aiwohi misidentifies himself as the plaintiff when he is in fact the defendant. There is also a discrepancy between the spelling of his first name in his filings (Lorin) and the state judiciary records (Lorrin).

[2]  When a notice of removal is filed, a district court "shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).

DISCUSSION

Aiwohi was arrested on the island of Kauai for violating Hawaiʻi Revised Statutes § 708-814(1)(a) (criminal trespass) and § 127A-29 (emergency proclamations).  ECF No. 1 at 3.  Construing Aiwohi's Notice of Removal ("Notice") liberally, he alleges that removal is proper under 28 U.S.C. §§ 1331 and 1455 because federal statues and treaties are implicated and he is a Hawaiian (foreign) national, not a U.S. citizen.  *Id.* at 3–4.

Section 1455(a) authorizes a defendant in a criminal prosecution from a state court to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."[3] 28 U.S.C. § 1455(a).  "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank*

---

[3]  Aiwohi has not filed all process, pleadings, and orders served upon him, as required by § 1455(a).  He only included a printout of the state court docket for a different state criminal defendant as of October 27, 2020.  ECF No. 1 at 7–10. Insofar as the Court limits its review to the face of the Notice and any exhibits attached thereto, 28 U.S.C. § 1455(b)(4), the Court need not conduct independent research to ascertain the status of Aiwohi's state criminal proceedings.

*Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide*

*Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip*

*Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, Inc., 980

F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against

removal jurisdiction means that the defendant always has the burden of

establishing that removal is proper,' and that the court resolves all ambiguity in

favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d

1247, 1252 (9th Cir. 2006).

"Courts have an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559

U.S. 77, 94 (2010). "If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.

§ 1447(c).

Section 1455(b) imposes two requirements on defendants removing criminal

prosecutions:

> (1) A notice of removal of a criminal prosecution shall be filed *not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier*, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

> (2) A notice of removal of a criminal prosecution *shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a*

> *waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice*. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

28 U.S.C. § 1455(b)(1)–(2) (emphases added).  Aiwohi satisfies neither.

## A.      Timeliness of Removal

Aiwohi's deadline to remove expired 30 days after arraignment in state court.  He asserts, in conclusory fashion, that his removal is timely.  But he has not provided the requisite proof.  Based on his April 7, 2020 arrest date, and if his proceedings at all mirrored that of the state criminal defendant whose case docket is included with the Notice, his removal deadline expired months ago.  Aiwohi's failure to establish timeliness undercuts the propriety of removal.

## B.      There is no Basis for Removal

Even assuming Aiwohi timely removed, he has not articulated legitimate grounds for removal, as required by § 1455(b)(2).  He relies on § 1331[4] and a host of federal statutes and treaties but these do not entitle him to removal.  State court criminal prosecutions may only be removed to federal courts in limited circumstances.  Three provisions, none of which Aiwohi cites, authorize the

---

[4] Section 1331 applies to *civil* actions.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

removal of such actions:  28 U.S.C. § 1442 ("Federal Officers or Agencies Sued or

Prosecuted"), § 1442a ("Members of Armed Forces Sued or Prosecuted"), and

§ 1443 ("Civil Rights Cases").  Sections 1442 and 1442a are inapplicable because

Aiwohi does not allege that he is a federal officer or a member of the armed forces

who is being prosecuted for an act done under color of the office.  Nor does

Aiwohi cite § 1443 or claim that his prosecution is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Had he relied on § 1443(1), Aiwohi would be required to satisfy

two criteria.  *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  "First,

the petitioners must assert, as a defense to the prosecution, rights that are given to

them by explicit statutory enactment protecting equal racial civil rights."  *Id.*

(citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).  " Second,

petitioners must assert that the state courts will not enforce that right, and that

allegation must be supported by reference to a state statute or a constitutional

provision that purports to command the state courts to ignore the federal rights."

*Id.* (citation omitted).

5

Here, Aiwohi has not alleged a defense to the underlying criminal prosecution arising from statutory enactments protecting equal racial civil rights. And he has not pointed to any "formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor do[es] [he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Id.* at 999.  Section 1443(2) is likewise unavailable to Aiwohi because it applies "only to federal officers and to persons assisting such officers in the performance of their official duties" and to state officers. *City of Greenwood v. Peacock,* 384 U.S. 808, 815, 824 n.22 (1966).  Accordingly, Aiwohi failed to comply with § 1455 or establish a basis for removal[5] and summary remand is appropriate. *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

In accordance with the foregoing, the Court REMANDS this case to the District Court of the Fifth Circuit, State of Hawai'i.  The Clerk is directed to also send a transmittal to the Circuit Court of the Fifth Circuit, State of Hawai'i.[6]

---

[5] Aiwohi could not cure the defects, having waived the grounds for removal discussed herein by failing to assert them.  *See* 28 U.S.C. § 1455(b)(2).

[6] Although the Court declined to conduct an independent review of Aiwohi's state court proceedings, for remand purposes, it is important to note that the district court proceedings are closed following a commitment of the case to circuit court, 5CPC-20-0000231.

IT IS SO ORDERED.

DATED:    Honolulu, Hawai'i, November 17, 2020.



Jill A. Otake
United States District Judge

Civil No. 20-00488 JAO-RT, *Aiwohi v. Hawaii*; ORDER REMANDING CASE